```
                                                              FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA          OCT 1 5 1998
            Western Division
        File No. 5: 98-CV-673-BO(2)               DAVID W. DANIEL, CLERK
                                                   U. S. DISTRICT COURT
                                                   E. DIST. NO. CAR.
```

| | | |
|---|---|---|
| KIM YOUNG-DIXON, | ) | DECLARATION OF |
| | ) | CYRIL F. COOMBS |
| Plaintiff, | ) | IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION |
| v. | ) | TO STAY PROCEEDINGS |
| | ) | AND COMPEL |
| CARMAX AUTO SUPERSTORES, INC., | ) | ARBITRATION |
| | ) | |
| Defendant. | ) | |

I, Cyril F. Coombs, do hereby declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Virginia (Virginia State Bar #40806) and am currently employed as an officer of the firm of LeClair Ryan, A Professional Corporation ("LeClair Ryan"), 707 East Main Street, 11th Floor, Richmond, Virginia, 23219. I have been engaged to represent Carmax Auto Superstores, Inc. ("Carmax") in the arbitration requested by plaintiff Kim Young-Dixon. In my capacity as counsel to Carmax in the arbitration, I am familiar with all documents related to the proceeding and I have personal knowledge of the facts stated herein.

2. On October 9, 1997, plaintiff Kim Young-Dixon submitted an Arbitration Request Form to Pamela G. Parsons, Associate General Counsel of Circuit City, requesting arbitration of the claim at issue in this lawsuit. See Arbitration Request Form, attached as Exhibit 1. The Arbitration Request Form was accompanied by the required filing fee of $75.00. Id. Both the plaintiff and her counsel, Craig James, Esquire, signed the Arbitration Request Form and the letter attached to plaintiff's Arbitration Request Form. Id. The first sentence of plaintiff Arbitration Request Form letter plainly states plaintiff's intentions to submit this claim



to arbitration: "Please be advised, pursuant to the Dispute Resolution Rules and Procedures of Circuit City Stores, Inc., we hereby request arbitration of the following matter." Id. at 1.

3. On November 4, 1997, plaintiff Kim Young-Dixon wrote a letter to the Equal Employment Opportunity Commission ("EEOC"), 1309 Annapolis Drive, Raleigh, North Carolina, 27608, copying the president of Carmax, among others, wherein she filed a complaint of discrimination arising from her employment with Carmax. See November 4, 1997 Letter, attached as Exhibit 2. In her November 4, 1997 Letter, Young-Dixon specifically acknowledged:

> Due to a dispute resolution agreement that I signed after working with Carmax for approximately one year, I have to allow Carmax to settle this dispute through arbitration. I am currently processing this dispute.

Significantly, plaintiff's current counsel, Craig James, Esquire, is identified in plaintiff's letter to the EEOC.

4. Following plaintiff's October 9, 1997 request for arbitration and her November 4, 1997 letter to the EEOC, a series of verbal and written communications were exchanged among plaintiff's counsel, counsel for Carmax, and Resolute Systems, Inc. ("Resolute Systems"), the entity responsible for conducting the arbitration selection process regarding plaintiff's submission of her claim to arbitration and the procedure for selecting an arbitrator. On December 4, 1997, plaintiff's counsel wrote Steve Schell of Resolute Systems rejecting certain arbitrators on the panel presented by Resolute Systems. Subsequently, plaintiff's counsel accepted a candidate on the next panel presented by Resolute Systems. See December 4, and December 19, 1997 Letters, attached as Exhibit 3. In the December 4 letter, plaintiff's counsel specifically acknowledged acting pursuant to the Dispute Resolution Rules and Procedures in requesting a new panel of arbitrators. Id. Thereafter, in late December, 1997, plaintiff's counsel

2

faxed discovery to Carmax's counsel requesting detailed information and documentation regarding his client's employment history. See December 29, 1997 Discovery Request (original was incomplete), attached as Exhibit 4.

5. On February 13, 1998, counsel for Carmax corresponded with plaintiff's counsel regarding the parties' mutual effort to select qualified arbitrators to hear the arbitration. See February 13, 1998 Letter, attached as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 14th day of October, 1998.

_____
Cyril F. Coombs

# Note:

## This Is Only A Partially Scanned Document.

## Please See The Case File For Attachments, Exhibits, Affidavits Or Other Material Which Has Not Been Scanned.