FILED

OCT 15 1998

DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
File No. 5: 98-CV-673-BO(2)

| | | |
|---|---|---|
| KIM YOUNG-DIXON, | ) | **DECLARATION OF** |
| | ) | **PAMELA G. PARSONS** |
| Plaintiff, | ) | **IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTION** |
| v. | ) | **TO STAY PROCEEDINGS** |
| | ) | **AND COMPEL** |
| CARMAX AUTO SUPERSTORES, INC., | ) | **ARBITRATION** |
| | ) | |
| Defendant. | ) | |

I, Pamela G. Parsons, do hereby declare as follows:

1. I currently am employed by Circuit City Stores, Inc. ("Circuit City") in the position of Associate General Counsel. I am a member of management with authority over the Circuit City Associate Issue Resolution Program. I have personal knowledge of the facts stated herein.

2. Circuit City is a national retailer of brand name consumer electronics and major appliances organized under the laws of the Commonwealth of Virginia. Carmax Auto Superstores, Inc. ("Carmax") is a wholly owned subsidiary of Circuit City. Carmax has its principal place of business in the County of Henrico, Virginia.

3. During her employment with Carmax, Plaintiff Kim Young-Dixon entered into an agreement to arbitrate any employment dispute that might arise from her employment with or termination by Carmax. Specifically, on April 13, 1995, Carmax introduced at the location at which Plaintiff worked the Circuit City "Associate Issue Resolution Program." On that date, Plaintiff signed an "Associate Receipt of Issue Resolution Package." Attached hereto as **Exhibit** "A" is a true and correct copy of her signed receipt.

4. Pursuant to the Associate Issue Resolution Program, all applicants, employees, and former employees ("Associates") are provided various means by which they may resolve employment disputes. Attached hereto as Exhibits B through F, respectively, are the components of a Circuit City Associate Issue Resolution Package: the package cover and Associate Receipt of Issue Resolution Package (Exhibit **B**), an Associate Issue Resolution Handbook (Exhibit **C**), an Arbitration Request Form (Exhibit **D**), the Dispute Resolution Rules and Procedures (Exhibit **E**), and an Arbitration Opt-Out Form (Exhibit **F**).

5. For associates hired prior to the implementation of the Associate Issue Resolution Program, participation was voluntary. Associates who chose not to participate were provided a specific mechanism by which they could opt out of the program. Those associates were required to mail to Circuit City the "Arbitration Opt-Out Form" within 30 days of their receipt of the Associate Issue Resolution Package.

6. In order to confirm receipt of an associate's "Opt-Out Form" (and remove the associate from the arbitration program), Circuit City, upon receipt of the form, date-stamped the original form, and then returned a copy of the stamped form to the associate, while retaining the original in Circuit City's files at the corporate headquarters. This practice was followed with all Carmax and Circuit City's associates who submitted a timely request to opt out of the Associate Issue Resolution Program.

7. Plaintiff Kim Young-Dixon did not submit an "Opt-Out Form" to Circuit City within 30 days of her receipt of the Associate Issue Resolution Package. I have conducted an exhaustive search of Company files, and there is no record that Circuit City has ever received an "Opt-Out Form" from Plaintiff. Likewise, there is no record that a confirmation of receipt of such

2

form was sent to Plaintiff. Circuit City has taken the position consistently that any Associate who did not submit an "Opt-Out Form" in a timely manner is covered by the Associate Issue Resolution Program, and must resolve any employment-related disputes through arbitration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 1998.

*Pamela H. Parsons*
Pamela G. Parsons

3

# Note:

## This Is Only A Partially Scanned Document.

## Please See The Case File For Attachments, Exhibits, Affidavits Or Other Material Which Has Not Been Scanned.